IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Andrew N. Glisson, | ) | C/A No. 6:17-cv-2599-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Tim Riley, Lefford Fate, John McRee, | ) | |
| Jack M. Valpey, Bernard McKie, | ) | |
| David M. Ingraham, Alfred D. Moore, | ) | |
| John Doe and Jane Doe 1–10, and | ) | |
| Yolanda Mitchell, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Defendants' Motion for Summary Judgment, ECF No. 57, and Defendants' Motion to Exclude Expert Witness, ECF No. 56. The Motions were fully briefed, and, in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On January 14, 2020, the Magistrate Judge issued a Report recommending that Defendants' Motion for Summary Judgment be granted and Defendants' Motion to Exclude Expert Witness be denied as moot. ECF No. 75. Plaintiff filed Objections to the Report, Defendants filed a Response to Plaintiff's Objections, and Plaintiff filed a Reply. ECF Nos. 77, 81, 82. Additionally, Plaintiff filed a Motion for Extension of Time and Leave to File Affidavit of Witness, and Defendants filed a Response. ECF Nos. 76, 79. Therefore, the Motions are ripe for review.

1

# LEGAL STANDARDS

## I. Magistrate Judge Review

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## II. Summary Judgment

One of the principal purposes of summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. To that end, "Rule 56 states "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION[1]

I. **Defendants' Motion for Summary Judgment**

    A. **Deliberate Indifference Claim**

First, Plaintiff contends that the Magistrate Judge "erroneously embraced Defendants' call to focus on unrelated medical care that was provided to Plaintiff instead of focusing on the constitutionally denied care, the denial of which has left Plaintiff, at the age of 52, forever crippled, disabled[,] and unable to support himself." ECF No. 77 at 1. Plaintiff further claims that the "Magistrate Judge erred by focusing on what care was provided and concluding that care was somehow relevant in the analysis of this case and somehow made up for the lack of critically necessary care." *Id.* at 3. Instead, Plaintiff contends that the proper focus is on the failure to provide needed supervised physical therapy.

The Magistrate Judge stated, "the record evidence does not support a finding that the denial of supervised physical therapy constituted care that was so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness as required to support a deliberate indifference claim." ECF No. 75 at 18 (quotation omitted). The Court has reviewed the records, filings of the parties, and the relevant law *de novo*, and agrees with the Magistrate Judge that the evidence, viewed in the light most favorable to the Plaintiff, constitutes negligence or medical malpractice. To that end, Plaintiff's expert—Dr. Daniel Herman—testified that he believed "deliberate indifference" equated to negligence or violating the standard of care. Even Plaintiff's

---

[1] The Magistrate Judge thoroughly outlines the relevant facts in the Report, and the Court incorporates the Report's recitation herein. *See* ECF No. 75 at 2–12.

4

treating physician who ordered the supervised physical therapy—Dr. David Koon—testified that supervised physical therapy would not have made a difference in Plaintiff's prognosis and would not have assisted Plaintiff's healing. In sum, while there is evidence that Defendants may have been negligent in their treatment of Plaintiff, the evidence falls far short of creating a factual issue as to a deliberate indifference claim. Accordingly, the Court overrules Plaintiff's first objection.

### B. Application of Summary Judgment Standard

Second, Plaintiff contends that the Magistrate Judge "erroneously viewed the evidence in the light most favorable to Defendants." ECF No. 77 at 1. The Court disagrees, as the Magistrate Judge thoroughly discussed Plaintiff's medical treatment, viewed in the light most favorable to the Plaintiff, and acknowledged that Defendants' conduct might rise to the level of negligence or medical malpractice for failing to provide supervised physical therapy. However, the Magistrate Judge appropriately concluded that this evidence falls short of the evidence needed to prove a claim for deliberate indifference. Nothing in the Report indicates that the Magistrate Judge did not apply the correct legal standard in evaluating a motion for summary judgment. Accordingly, the Court overrules Plaintiff's second objection.

### C. Qualified Immunity

Finally, Plaintiff claims that the "Magistrate Judge erred in recommending that the Court rule Plaintiff has failed to demonstrate that Defendants violated his constitutional rights, and also in recommending that Plaintiff's claims be dismissed as barred by the doctrine of qualified immunity." ECF No. 77 at 18 (citation omitted). As discussed above, however, Plaintiff has failed to offer any evidence that the Defendants violated his

constitutional rights. That alone is sufficient to confer qualified immunity on the Defendants. Accordingly, the Court overrules third Plaintiff's objection, and GRANTS Defendants' Motion for Summary Judgment, ECF No. 57.[2]

## II. Dismissal of the John Doe and Jane Doe Defendants

The Report recommended that the John Doe and Jane Doe defendants be dismissed because "these defendants, who remain unidentified, have not been served, and the deadline for service has expired." ECF No. 75 at 24. Plaintiff does not object to this portion of the Report; therefore, the Court reviews the Report's recommendation for clear error. Finding none, the Court adopts the Magistrate Judge's recommendation that the John Doe and Jane Doe defendants be dismissed.

## III. Motion for Extension of Time and Leave to File Affidavit of Witness

After the Magistrate Judge issued the Report, Plaintiff filed a Motion for Extension of Time and Leave to File Affidavit of Witness. ECF No. 76. Plaintiff contends that "the Magistrate Judge, *sua sponte*, stated that the record does not contain evidence that three letters from Plaintiff's mother, Geraldine Goldman, were mailed to the prison wardens." *Id.* at 1. Therefore, Plaintiff seeks leave to submit an affidavit from Ms. Goldman stating that she mailed the letters to the Warden of Kirkland. ECF Nos. 76, 76-1. Defendants filed a Response, in which they "neither consent nor object to [Plaintiff's] [M]otion and defer to the Court's discretion." ECF No. 79. However, Defendants do contend that the "request is untimely." *Id.*

---

[2] In light of the Court's ruling granting Defendants' Motion for Summary Judgment, ECF No. 57, the Court agrees with the Magistrate Judge that Defendants' Motion to Exclude Expert Witness, ECF No. 56, is moot.

6

The Court concludes that Plaintiff's Motion is unnecessary, as the Court assumes for purposes of this Order that the letters were mailed in viewing the facts in the light most favorable to Plaintiff. Although the Magistrate Judge did reference the lack of evidence that the letters were mailed, there is no evidence that any of the Defendants received or reviewed the letters. Therefore, the letters are not material to Plaintiff's constitutional claim. Finally, as Defendants note, Plaintiff's request to supplement the record with Ms. Goldman's affidavit is untimely, which is an independent basis for denying Plaintiff's Motion.

## **CONCLUSION**

For the foregoing reasons, the Court overrules Plaintiff's objections. Additionally, the Court has reviewed the remainder of the Report and finds no clear error. Accordingly, the Court **ADOPTS** the Report. Defendants' Motion for Summary Judgment, ECF No. 57, is **GRANTED**; Plaintiff's Motion for Extension of Time and Leave to File Affidavit of Witness, ECF No. 76, is **DENIED**; Defendants' Motion to Exclude Expert Witness, ECF No. 56, is **DENIED AS MOOT**; and the claims against the John Doe and Jane Doe defendants are **DISMISSED.**

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 30, 2020
Spartanburg, South Carolina